Filing # 97320689 E-Filed 10/15/2019 04:10:39 PM

IN THE CIRCUIT COURT FOR THE EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR SEMINOLE COUNTY, FLORIDA
CIVIL DIVISION

**LUCINDA MANLEY,**

    **Plaintiff,**

                                      Case No.:   2019-CA-003158-16K-G

v.

**SHILE INSURANCE GROUP, INC.,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, LUCINDA MANLEY, by and through the undersigned counsel, brings this action against Defendant, SHILE INSURANCE GROUP, INC., and in support states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages in excess of $15,000, exclusive of interest, fees, and costs, for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and for unpaid wages under Florida common law.

2. Venue is proper in Seminole County, because all of the events giving rise to these claims occurred in this County.

### PARTIES

3. Plaintiff is a resident of Lake County, Florida.

4. Defendant operates a full-service insurance group in Altamonte Springs, in Seminole County, Florida.

### GENERAL ALLEGATIONS

5. Plaintiff has satisfied all conditions precedent, or they have been waived.

6. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

7.     Plaintiff requests a jury trial for all issues so triable.

8.     At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

9.     At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

10.    At all times material hereto, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

11.    Defendant continues to be an "employer" within the meaning of the FLSA.

12.    At all times material hereto, Defendant was and continues to be an enterprise engaged in the "providing of services for commerce" within the meaning of the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

13.    At all times relevant to this action, the annual gross sales volume of Defendant exceeded $500,000 per year.

14.    At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

## FACTS

15.    Plaintiff began working for Defendant as a commercial lines account manager in February 2017, and she worked in this capacity until March 2019.

16.    At various times material hereto, Plaintiff worked hours in excess of forty (40) hours within a work week for Defendant, and she was entitled to be compensated for her overtime hours at a rate equal to one and one-half times her regular hourly rate. Moreover, Defendant agreed to pay Plaintiff overtime if she worked more than 40 hours per week.

2

17. Defendant failed to pay Plaintiff an overtime premium for all of her overtime hours, in violation of the FLSA.

18. Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA.

19. In exchange for Plaintiff's services, Defendant agreed to pay Plaintiff overtime for any hours worked over 40 in any given workweek.

20. Defendant failed to pay Plaintiff all wages owed to Plaintiff, including her unpaid overtime.

21. Plaintiff's unpaid overtime constitutes "wages" under Florida common law, as well as under Fla Stat. § 448.08.

## COUNT I – FLSA OVERTIME VIOLATION

22. Plaintiff realleges and readopts the allegations of paragraphs 1 through 21 of this Complaint, as though fully set forth herein.

23. During the statutory period, Plaintiff worked overtime hours while employed by Defendant, and she was not compensated for all of these hours in accordance with the FLSA.

24. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

25. As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

 a) Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

 b) Judgment against Defendant, stating that Defendant's violations of the FLSA were willful;

c) An amount equal to Plaintiff's overtime damages as liquidated damages;

d) To the extent that liquidated damages are not awarded, an award of prejudgment interest;

e) A declaration that Defendant's practices as to Plaintiff were unlawful, and a grant of equitable relief to Plaintiff;

f) All costs and attorney's fees incurred in prosecuting these claims; and

g) For such further relief as this Court deems just and equitable.

## COUNT II – UNPAID WAGES UNDER FLORIDA COMMON LAW

26. Plaintiff realleges and readopts the allegations of paragraphs 1 through 21 of this Complaint, as though fully set forth herein.

27. During the statutory period, Plaintiff worked for Defendant and Defendant agreed to pay Plaintiff for Plaintiff's services, including overtime for any hours she worked over 40 hours.

28. Defendant failed to pay Plaintiff all "wages" owed to Plaintiff, including Plaintiff's overtime.

29. As a result of the foregoing, Plaintiff has suffered damages.

*WHEREFORE*, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue, and that this Court take jurisdiction over the case;

c) Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages;

d) All costs and attorney's fees incurred in prosecuting these claims, in accordance with Fla. Stat. § 448.08; and

4

e) For such further relief as this Court deems just.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 15th day of October, 2019.

Respectfully submitted,

_____
**MATTHEW K. FENTON**
Florida Bar Number: 0002089
**Wenzel Fenton Cabassa, P.A.**
1110 North Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Direct Dial: 813-223-6413
Facsimile: 813-229-8712
E-Mail: mfenton@wfclaw.com
E-Mail: tsoriano@wfclaw.com
**Attorneys for Plaintiff**