## FLSA SETTLEMENT AGREEMENT

This Settlement Agreement (hereinafter referred to as "Agreement"), is entered into by and between **Lucinda Manley**, on behalf of herself, her heirs, executors, administrators, legal representatives and assigns (hereinafter referred to collectively as "**Ms. Manley**") and **Sihle Insurance Group, Inc.** (hereinafter referred to as "**Sihle**"). Throughout this Agreement, Ms. Manley and Sihle shall collectively be referred to as the "Parties." This Agreement shall not in any way be construed as an admission by Sihle of any violation of any law or any other liability including common law liability to Ms. Manley.

WHEREAS, Ms. Manley has alleged that she was employed by Sihle; and

WHEREAS, Ms. Manley has alleged unlawful employment practices in violation of the Fair Labor Standards Act ("FLSA") and Florida common law against Sihle by filing a lawsuit titled, *Lucinda Manley v. Sihle Insurance Group, Inc.*, Case No. 6:19-cv-2134-Orl-40GJK (the "Lawsuit")[1], allegations which Sihle vehemently denies;

NOW WHEREFORE, in consideration of the promises and mutual covenants herein contained, the sufficiency of which is hereby acknowledged, the Parties hereto agree as follows:

1. **Sihle's Obligations to Ms. Manley.** Sihle agree to pay to Ms. Manley the total amount of Nineteen Thousand Dollars ($19,000.00), allocated as follows:

    A. A payroll check in the amount of $6,250.00 made payable to Lucinda Manley representing alleged unpaid wages and overtime compensation. This amount shall be treated as wages with the applicable taxes and legal deductions made; and

    B. One check in the amount of $6,250.00 made payable to Lucinda Manley. No deductions shall be made from this check and a Form 1099 shall be issued; and

---

[1] Plaintiff originally filed the lawsuit in the Circuit Court for Eighteenth Judicial Circuit in Seminole, Florida, Case No. 2019-CA-3158-16K-G, and Defendant subsequently removed it to United States District Court for the Middle District of Florida, Orlando Division, Case No. 6:19-cv-2134-Orl-40GJK.

C.     One check in the amount of $6,500.00 made payable to his attorneys, Wenzel Fenton Cabassa, P.A. for attorneys' fees and costs. No deductions shall be made from this check and a Form 1099 shall be issued.

The settlement payments described above will be due in Ms. Manley's counsel's office (c/o Matthew K. Fenton, Esq., Wenzel Fenton Cabassa, 1110 N. Florida Avenue, Suite 300, Tampa, FL 33602) within fourteen (14) business days of the Court's entry of an Order approving this Agreement and for Dismissal of the Lawsuit with Prejudice as specified in paragraph 2 of this Agreement. Both Ms. Manley and Wenzel Fenton Cabassa, P.A. will provide Defendant's counsel with completed IRS Forms W-9.

2.     Court Approval of the Settlement and Dismissal of Lawsuit. The Parties agree to execute this Agreement and to provide one another with a copy of same by on or before February 21, 2020. Defendant's counsel shall file the Parties' Joint Motion for Approval of the Settlement Agreement and for Dismissal of the Lawsuit with Prejudice by on or before February 28, 2020. The Parties agree to take any other steps required by the Court to have the Lawsuit dismissed with prejudice.

3.     **Ms. Manley' Obligations to Sihle.** Except as outlined in Paragraph 1 of this Agreement, Ms. Manley acknowledges that no other payments are due and owing to her as a result of the hours worked during her employment or engagement with Sihle. Ms. Manley shall not initiate or instigate any future judicial or administrative proceedings against Sihle that in any way involve allegations or facts arising from the hours worked or compensation paid during her employment or engagement with Sihle in any forum as of the date of execution of this Agreement, including any claims brought under the Fair Labor Standards Act, Florida Minimum Wage Act, the

Equal Pay Act, contract, or any federal, state, or common law. Ms. Manley agrees to dismiss the Lawsuit with prejudice

4. **No Admissions.** By entering into this Agreement, no Party admits any liability, fault or wrongdoing.

5. **Payment of Attorney's Fees.** Each Party shall be responsible for payment of their own attorneys' fees and costs, except as provided in Paragraph 1.

6. **Authority to Enter Into Agreement.** The Parties represent and warrant that they are authorized to enter into and that they have the authority to perform the terms of this Agreement. The Parties represent and warrant that they have not sold, assigned, transferred, conveyed or otherwise disposed of all or any portion of the Released Claims.

7. **Severability.** If any provision of this Agreement or the application thereof to any party or circumstances shall be determined to be invalid or unenforceable to any extent, the remainder of this Agreement and the application of such provisions to any other party or circumstances shall not be affected thereby and shall be enforced to the greatest extent permitted by law.

8. **Execution of Agreement in Subparts.** This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument. Facsimile and electronic copies of the executed Agreement shall have the same force and effect as an original copy.

9. **Right to Attorneys' Fees for Enforcement.** In the event any Party breaches this Agreement, the non-breaching Party shall be entitled to enforce all provisions of this Agreement in Court seeking all remedies available to it both in law and equity. The prevailing Party shall be

entitled to recover its attorneys' fees and costs incurred in any proceeding to enforce this Agreement, including all fees and costs through all appeals.

10. **Choice of Law and Venue.** This Agreement shall be governed by and construed in accordance with the laws of the State of Florida, without regard to its choice of laws or conflict of laws principles. The state and federal courts of Hillsborough County, Florida, shall have exclusive jurisdiction over the Parties with respect to any dispute or controversy between them arising under, relating to, or in connection with this Agreement, and the Parties consent to such jurisdiction in such courts and waive any objections to jurisdiction.

11. **No Reliance on Other Statements.** Except as expressly provided herein, the Parties represent and warrant that in executing this Agreement, they do not rely upon and have not relied upon any oral or written representation, promise, warranty or understanding made by any of the Parties or their representatives with regard to Ms. Manley's FLSA claims, basis or effect of this Agreement.

12. **Full Participation.** The Parties acknowledge that each Party has participated in the drafting of this Agreement and each has had an equal opportunity to participate in the drafting of this Agreement. No ambiguity shall be construed against any Party based upon a claim that the Party drafted the ambiguous language.

13. **Additional Facts.** The Parties acknowledge and assume the risk that additional or different facts which they believe to exist may now exist or may be discovered after this Agreement has been entered into. The Parties agree that any such additional, different or contrary facts shall in no way limit, waive, affect or alter this Agreement.

14. **Consultation.** The Parties acknowledge that they have been advised to consult an attorney prior to signing this agreement. The Parties understand that whether or not they consult

with an attorney is their decision. In this respect, Ms. Manley has consulted with and been advised by Matthew K. Fenton, Esquire in this matter and is satisfied that he has provided her with excellent legal advice and has explained to her all of her options in connection with this Agreement. Finally, Sihle also consulted with and been advised by Phillip J. Harris, Esquire in this matter and is satisfied that he has provided excellent legal advice and has explained to Sihle all of its options in connection with this Agreement.

15. **Full and Knowing Acceptance.** This Agreement, consisting of six (6) pages, is freely and voluntarily entered into by the Parties. The Parties acknowledge that they have read this Agreement and that they understand the words, terms, conditions and legal significance of this Agreement.

*The rest of this page is intentionally blank. The signature page follows.*

## SIGNATURE PAGE

EXECUTED this __17__ day of __February__, 2020

_____
Ms. Lucinda Manley

EXECUTED this __21st__ day of __February__, 2020 by:

SIHLE INSURANCE COMPANY

BY _____

__Louis G. Mitchell, Jr.__
Printed Name

ITS: __Chief Operations Officer__
Corporate Title

6

6470951v.1