UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LUCINDA MANLEY,

      Plaintiff,

v.                                         Case No:   6:19-cv-2134-Orl-40GJK

SIHLE INSURANCE GROUP, INC.,

      Defendant.

_____

## REPORT AND RECOMMENDATION

      This Fair Labor Standards Act case comes before the Court on the parties' Joint Motion for Approval of Settlement Agreement and Dismissal with Prejudice (Doc. 16), and the Parties' Supplemental Joint Motion for Approval of Settlement Agreement and Dismissal with Prejudice (Doc 18). Upon due consideration I respectfully recommend that the supplemented motion be granted.

### I. Background

      Plaintiff Lucinda Manley alleges that from February 2017 to March 2019 she was employed by Defendant Sihle Insurance Group, Inc., as a commercial lines account manager (Doc. 1-1, ¶ 15). Plaintiff further alleges that from time-to-time she worked more than 40 hours in a week; Defendant had agreed to pay her overtime for her hours in excess of 40 per week; but Defendant failed to pay her all of the overtime she is entitled to (Id., ¶¶ 16-17). Plaintiff's complaint includes counts for violations of the FLSA and the common law (Id.). In her answers to the Court's interrogatories, Plaintiff said her good faith calculation of the amount owed to her was $17,133.12 based upon 12 hours of overtime per week for 108 weeks at $13.22 per hour (Doc. 14, ¶ 7). Defendant answered,

denying liability, and affirmatively alleged, *inter alia*, that Plaintiff was an exempt employee and that she was seeking compensation for time barred by the Portal to Portal Act of 1947, 29 U.S.C. § 254 (Doc. 6).

In February 2020 the parties filed a joint motion asking the Court to approve their compromise and settlement of this controversy (Doc. 16). On review, I concluded that the motion and settlement agreement were insufficient because Plaintiff's counsel had not provided the information needed for the Court to determine the reasonableness of the agreed upon attorney's fee (Doc. 17). The parties filed their supplemental motion in response to my concern (Doc. 18).

## II. Legal Standard

"The principal congressional purpose in enacting the Fair Labor Standards Act of 1938 was to protect all covered workers from substandard wages and oppressive working hours, 'labor conditions [that are] detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers.'" Barrentine v. Ark.-Best Freight Sys., Inc., 450 U.S. 728, 739 (1981) (alteration in original) (quoting 29 U.S.C. § 202(a)). "Any employer who violates the provisions of section 206 or section 207 of [the FLSA] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Section 206 establishes the federally-mandated minimum hourly wage, and § 207 prescribes overtime compensation of "one and one-half times the regular rate" for each hour worked in excess of forty hours during a given workweek. The provisions of the FLSA are mandatory and "cannot be abridged by contract or otherwise waived." Barrentine, 450 U.S. at 740. To permit otherwise would "'nullify the purposes' of the [FLSA] and thwart the legislative

policies it was designed to effectuate." Id. (quoting Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 707 (1946)).

The parties seek judicial review and a determination that their settlement of Plaintiff's FLSA claim is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. See Lynn's Food Stores, 679 F.2d at 1354-55. If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employers under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." Id. at 1353 (citing Schulte, Inc. v. Gangi, 328 U.S. 108 (1946)).

Before approving a settlement, the district court must first scrutinize the parties' agreement and determine whether it is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. Lynn's Food, 679 F.2d at 1354-55. If the settlement reflects a reasonable compromise of issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement in litigation." Id. at 1354. The nature of this lawsuit prompts the district court's review of the parties' settlement agreement rather than an examination conducted by the Secretary of Labor. My assessment of fairness is guided by prevailing case law in this Circuit, including Fiber Moreno v. Regions Bank, 729 F. Supp. 2d 1346 (M.D. Fla. 2010) and Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227, 1242-43 (M.D. Fla. 2010).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because

initiation of the action by the employees provides some assurance of an adversarial

context." Id. at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney
> who can protect their rights under the statute. Thus, when the
> parties submit a settlement to the court for approval, the
> settlement is more likely to reflect a reasonable compromise
> of disputed issues than a mere waiver of statutory rights
> brought about by an employer's overreaching. If a settlement
> in an employee FLSA suit does reflect a reasonable
> compromise over issues, such as FLSA coverage or
> computation of back wages that are actually in dispute; we
> allow the district court to approve the settlement in order to
> promote the policy of encouraging settlement of litigation.

Id.

In determining whether a settlement is fair and reasonable, the Court considers the

following factors: "(1) the existence of fraud or collusion behind the settlement; (2) the

complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings

and the amount of discovery completed; (4) the probability of plaintiffs' success on the

merits; (5) the range of possible recovery; and (6) the opinions of the counsel." Hamilton

v. Frito-Lay, Inc., No. 6:05-cv-592-Orl-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8,

2007). There is a "'strong presumption' in favor of finding a settlement fair." Id. (citing

Cotton v. Hinton, 559 F.2d 1331 (5th Cir. 1977)).

### III. Discussion

The parties have agreed to a compromise and settlement in which Plaintiff will

receive $6,250 in additional payroll, $6,250 in liquidated damages, and $6,500 for her

attorney's fees and costs (Doc. 16-1, ¶ 1). In return, Plaintiff is confirming that she is not

entitled to any additional payments from Defendant "that in any way involve allegations or

facts arising from the hours worked or compensation paid during her employment or

engagement with [Defendant]" (Id., ¶ 3). The settlement agreement does not contain a release or confidentiality clause (Id.).

I have reviewed the docket and do not find any badges of fraud. It appears that the case presents a bona fide dispute over Defendant's FLSA liability to Plaintiff and that the parties have negotiated an arm's length settlement of the case. Plaintiff and Defendant are both represented by attorneys of their own choosing and Plaintiff is satisfied with the amount she will receive if this settlement is approved. This is sufficient to satisfy me as to the reasonableness of the amounts to be paid to Plaintiff.

Turning to the attorney's fee to be paid to counsel, pursuant to 29 U.S.C. § 216(b), "[t]he court in [an FLSA action] shall ... allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." Here, the parties represent that the $6,500 to be paid to Plaintiff's attorney was negotiated separately from the amounts due to Plaintiff for her underlying claim. This is sufficient to show that the fee to be paid to Plaintiff's lawyer did not adversely impact the amount to be received by Plaintiff. Accordingly, I find that further review is not required. Bonetti v. Embarq Mgmt. Co., 715 F. Supp. 2d 1227, 1228 (M.D. Fla. 2009).

## IV. Recommendation

Upon consideration of the foregoing, I respectfully recommend that the motion (Doc. 16), as supplemented (Doc. 18) be **GRANTED,** the settlement agreement be **APPROVED**, and the case be **DISMISSED with prejudice**.

## V. Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual

finding or legal conclusion the district judge adopts from the Report and

Recommendation. <u>See</u> 11th Cir. R. 3-1.

      **RESPECTFULLY RECOMMENDED** at Orlando, Florida on March 26, 2020.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

      Presiding United States District Judge
      Counsel of Record
      Any Unrepresented Parties